PER CURIAM.
Defendant appeals from the following order, rendered after an evidentiary hearing, denying his application for postconviction relief on the asserted ground of ineffectiveness of trial counsel:
1. When the Defendant testified, his testimony was flat and emotionless. However, the Defendant consistently denied the allegations of wrongdoing. The jury simply did not believe him. Accordingly, the way in which [defense counsel] Mr. Mastos prepared Mr. Flores to testify at trial did not affect the outcome of the trial. Even if Mr. Mastos had prepared Mr. Flores differently, the jury would still have found Mr. Flores guilty.
2. Mr. Mastos’s cross examination of Officer Kaplan was not deficient. Questioning Officer Kaplan regarding the victim’s initial report (which specifically included instances of illegal touching, whereas at trial he did not mention the touching), would have been a double-edged sword. If Mr. Mastos had asked about the inconsistent details in the Officer’s report, the defense could today argue that the cross examinations actually bolstered the allegations of actual touching. This was a judgment call which had to be made by Mr. Mastos during the actual trial. While this Court does not find that Mr. Mastos’s call was wrong, it does find that the judgment call would not have changed the outcome of this case.
3. Mr. Mastos’s failure to object to part of the State’s closing arguments did not have an effect on the outcome of the case. This Court finds that, regardless of whether the objection had been made, and then either sustained or overruled, it would not have changed the outcome of the case.
We find no error.
Affirmed.